**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――

**No. 25-1309**

―――――――

ANTONIO TELETOR AJUALIP,

            Petitioner,

        v.

TODD BLANCHE, Acting Attorney General,

            Respondent.

―――――――

On Petition for Review of an Order of the Board of Immigration Appeals.

―――――――

Submitted:  January 12, 2026                    Decided:  April 14, 2026

―――――――

Before DIAZ, Chief Judge, and NIEMEYER and HEYTENS, Circuit Judges.

―――――――

Petition dismissed in part and denied in part by unpublished opinion.  Chief Judge Diaz wrote the opinion, in which Judge Niemeyer and Judge Heytens joined.

―――――――

**ON BRIEF:**  Nash Fayad, FAYAD LAW, P.C., Richmond, Virginia, for Petitioner.  Brett A. Shumate, Assistant Attorney General, Erica B. Miles, Assistant Director, Rachel P. Berman-Vaporis, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

―――――――

Unpublished opinions are not binding precedent in this circuit.

DIAZ, Chief Judge:

Antonio Teletor Ajualip seeks review of the decision of the Board of Immigration Appeals denying his request for cancellation of removal. Ajualip contends that he's eligible for such relief because his United States citizen children will suffer "exceptional and extremely unusual hardship" if he's deported. 8 U.S.C. § 1229b(b)(1)(D). But his petition faces several challenges.

First, our jurisdiction is limited. We can't review any factual findings related to the hardship determination. And while we have jurisdiction to determine whether the settled facts amount to exceptional and extremely unusual hardship, these facts do not.

So we dismiss Ajualip's petition for review in part and deny it in part.

I.

A.

Ajualip, a Guatemalan native, arrived in the United States in 2000, without inspection. Fourteen years later, the Department of Homeland Security initiated removal proceedings. Ajualip conceded his removability but applied for cancellation of removal.

Cancellation of removal is available to a noncitizen who (1) "has been physically present in the United States for a continuous period of not less than 10 years" before he applies; (2) "has been a person of good moral character during such period"; (3) has not been convicted of certain criminal offenses; and (4) "establishes that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child," who is a U.S. citizen or lawful permanent resident. 8 U.S.C. §§ 1229b(b)(1)(A)–(D). If the

2

noncitizen establishes those four elements, an immigration judge may exercise his discretion to cancel the removal order. *See Wilkinson v. Garland*, 601 U.S. 209, 213 (2024).

B.

After a hearing, the immigration judge denied Ajualip's cancellation of removal application. The judge found that Ajualip satisfied the first three statutory elements for cancellation of removal. But Ajualip failed to show that his U.S. citizen children would suffer exceptional and extremely unusual hardship.

The immigration judge made several findings of fact on the hardship issue. We recount the most relevant here.

Ajualip's two children, (a son and daughter, fourteen and eleven at the time) are "relatively healthy." Joint Appendix ("J.A.") 80. While Ajualip's daughter suffers from an adjustment disorder and "might have a learning disability," nothing in the record suggests that she's been diagnosed with one. J.A. 80–81. The children's mother (and Ajualip's former partner) is their primary custodian. She doesn't have legal status either, but she isn't currently in removal proceedings. She works in a factory and contributes to the family financially, but Ajualip covers most of the children's expenses, including rent. Ajualip would make much less money working in Guatemala, but could use his savings and assets to continue supporting his children.

On these facts, the immigration judge concluded that Ajualip failed to show that his children would suffer exceptional and extremely unusual hardship.

3

C.

Ajualip appealed to the Board of Immigration Appeals. The Board found no clear error in the immigration judge's factual findings. And the Board affirmed the judge's hardship determination. The Board also considered Ajualip's argument that his children might suffer hardship if relocated to Mexico—their mother's native country—if she were deported too. But the Board rejected that argument as speculative.

This petition followed.[*]

II.

Our jurisdiction here is limited. *See* 8 U.S.C. § 1252(a)(2)(B)(i). We can't review the facts underlying the agency's hardship determination. *See Wilkinson*, 601 U.S. at 225. Here, Ajualip disputes how much money he would make in Guatemala, how long his savings and assets would last, how his children would fare if they moved to Mexico or Guatemala, and how his daughter's learning disability would affect her.

But the immigration judge made findings of fact on each of these points. And those are precisely what we can't review. So we must dismiss the petition in part.

That said, we do have jurisdiction over questions of law and mixed questions of law and fact. *See Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 230–31 (2020). And "the application of the exceptional and extremely unusual hardship standard to a given set of facts" is a reviewable mixed question. *Wilkinson*, 601 U.S. at 217.

_____

[*] "Because the Board expressly adopted the immigration judge's decision as its own, we review both [decisions]." *Cortes v. Garland*, 105 F.4th 124, 130 (4th Cir. 2024).

4

III.

The standard of review for this mixed question is unsettled. The Supreme Court has said that some deference is warranted. *See id*. at 222. But we've yet to decide which "deferential standard of review" applies, often finding that "the results of our analysis do not differ regardless of whether we apply de novo or abuse-of-discretion review." *See, e.g.*, *Cortes v. Garland*, 105 F.4th 124, 133–34 (4th Cir. 2024).

The same is true today.

IV.

Under any standard of review, the settled facts don't show exceptional and extremely unusual hardship. The requisite hardship must be "substantially beyond [that which] would be expected when a close family member is removed." *Id.* at 134 (citation modified). Among the relevant factors here are the children's ages, health, and living circumstances. *Id.*

The record shows that (1) Ajualip's children are "relatively healthy," (2) his daughter "might have a learning disability," (3) the children's mother would continue as their primary caretaker, (4) the children would be supported through Ajualip's savings, and (5) the children's mother would also financially support them. J.A. 80–81, 83.

Any concerns regarding the children's health and well-being, including the daughter's potential learning disability, don't meet the "very high" evidentiary burden for extreme hardship. *See Gonzalez Galvan v. Garland*, 6 F.4th 552, 561 (4th Cir. 2021) (children's "feelings of anxiety," "possible depression," and one child's ADHD diagnosis

5

insufficient to "satisfy the statutory hardship standard"). Nor does any financial strain placed on Ajualip's family. *See id.* at 555, 561 (removal of "family's main source of income" insufficient to establish requisite hardship). And though the children's mother is undocumented, which no doubt places her in a precarious position, any possibility that the children would be forced to leave the country is speculative (and especially unlikely for Ajualip's son, who's no longer a minor).

In sum, the hardship faced by these children is "not so far beyond [that] inherent in the removal of a parent as to be exceptional and extremely unusual." *Cortes*, 105 F.4th at 134. So we must otherwise deny the petition.

## V.

For the reasons given, we dismiss in part, and deny in part, the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid our decision-making process.

*PETITION DISMISSED IN PART*
*AND DENIED IN PART*

6